FILED '09 NOV 17 15:13 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT CHEESEMAN,

        Plaintiff,        Civil No. 09-6310-TC

        v.                       FINDINGS AND
                                   RECOMMENDATION

RANDOLPH L. GARRISON,

        Defendant.

COFFIN, Magistrate Judge.

    Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed without service of process on the grounds that it fails to state a claim.

    A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v.

1 - FINDINGS AND RECOMMENDATION

Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 193) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, the court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In Civil rights cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also, Lopez, 939 F.2d at 883.

Before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987) A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839

2 - FINDINGS AND RECOMMENDATION

F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

In this case, the only named defendant is a Douglas County District Court Judge that is alleged to have presided over a "hearing" involving plaintiff. Plaintiff alleges that Judge Randolph violated his constitutional rights by "willfully [denying] oral motions to recuse himself." Complaint, p. 2.

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. Butz v. Economou, 438 U.S. 478 (1978); "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."Pierson v. Ray, 386 U.S. 547 553-55 (1967). This immunity has been specifically extended to liability for damages under 42 U.S.C. 1983. Richardson v. Koshiba, 693 F.2d 911 (9th Cir. 1982), and to magistrate judges. Tanner v. Heise, 879 F.2d 572 (9th Cir. 1989); Ryan v. Bilby, 764 F.2d 1325 n. 4 (9th Cir. 1985). This immunity is not defeated by "allegations of bad faith, personal interest or outright malevolence." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986)(en banc); See also, Schucker v. Rockwood, 846 F.2d 1202 (9th Cir. 1988) (per curiam); Stump v. Sparkman, 435 U.S. 349 (1978); Imbler v. Pachtman, 424 U.S. 409 (1976); Sherman v. Babbit, 772 F.2d 1476 (9th Cir. 1985). Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995).

A judge lacks immunity only when performing an act that is not "judicial" in nature, or when acting "in a clear absence of all jurisdiction." Stump, 435 U.S. at 356-57; Schucker, 846 F.2d at 1204.

Courts should construe the term "jurisdiction" broadly when making a judicial immunity inquiry. See, Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam).

To determine whether an action is judicial, courts focus on whether (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers or courtroom; the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Ashleman v. Pope, 793 F.2d at 1075; see also, Stump v. Sparkman, 435 U.S. at 362.

Plaintiff's allegations in this case clearly relate to defendant's judicial acts within the jurisdiction of his court. Accordingly defendant is absolutely immune from liability to plaintiff.

Plaintiff's complaint fails to state a claim and should be dismissed. Because the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

4 - FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 17 day of November, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION